# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 99-228** |
| **VERSUS** | * | |
| **PABLO GARAY APONTE** | * | **SECTION "L"** |

## ORDER

The Court has received Defendant Pablo Garay Aponte's combined motion for a new trial, motion to alter or amend district court judgment, and motion to arrest judgment. (Rec. Doc. 132). Defendant requests relief under various procedural rules, but the most relevant to his motions are Fed. R. Crim. P. 33, 34, and 35.

Rule 33 allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires" upon the defendant's motion. Fed. R. Crim. P. 33(a). However, a Rule 33 motion must be filed within 3 years of the verdict if based on newly discovered evidence, or within 14 days of the verdict if based on other grounds. Fed. R. Crim. P. 33(b). Since Defendant was found guilty on February 29, 2000, any motion for a new trial under this rule is now untimely.

Defendant also moves to arrest judgment under Rule 34. This motion is also untimely, as a Rule 34 motion must be filed within 14 days of a guilty verdict. Fed. R. Crim. P. 34(b). Furthermore, a motion to arrest judgment is appropriate only if "the indictment or information does not charge an offense," or "the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a)(1)-(2). Neither condition

applies in this case.

Defendant also raises objections to his sentence. Rule 35 provides two methods of correcting or reducing a sentence, but neither may be initiated by the defendant. A court may correct clear error within 14 days of sentencing under Rule 35(a), or the government may move for a reduction based on substantial assistance under Rule 35(b).

Defendant also asks for relief under Fed. R. Civ. P. 52 and 59(b). Rule 52 is not applicable to Defendant's case because no civil bench trial has been held in his case. Rule 59 applies only to civil judgments and contains a 28-day filing period, which is obviously not met in this case because even Defendant's § 2255 motion was denied in 2005.[1]

In short, a motion to alter, amend, or arrest judgment under the various rules cited in this order is not valid at this time.[2]

New Orleans, Louisiana, this 12th day of September, 2012.

                                                               UNITED STATES DISTRICT JUDGE

---

[1] Rule 60 also cannot apply to any judgment against Defendant, as it contains a one-year filing deadline. Fed. R. Civ. P. 60(c).

[2] In his motion, Defendant raises various constitutional objections to his trial and sentencing. A § 2255 motion would be a more appropriate vehicle for these objections. Defendant has already filed one § 2255 motion (Rec. Docs. 121, 123), and another section of this Court denied it as untimely (Rec. Doc. 128). This Court reaches no conclusion on whether Defendant would be able raise these constitutional objections in a successive § 2255 motion.